UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Crim. No. 7:16-CR-21-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>    )<br>FELIPE DE JESUS ACOSTA-GONZALEZ )<br>    Defendant. )<br>_____ ) | NOTICE OF APPEARANCE |

**REQUEST FOR DISCOVERY**

**NO COURT ACTION REQUIRED**

The Defendant, by and through counsel, hereby requests that the Government comply with the following discovery request, made pursuant to the provisions of Federal Rule of Criminal Procedure 16 and other authorities cited herein. This request is made in order to preserve, on the record, the Defendant's requests for discovery. THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT. For that reason, the requirements of Local Rule 12.2 are not applicable.

I.    The Defendant requests that the Government allow the inspection and copying or photographing by the Defendant of the following:

    A. Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

    B. The substance of any oral statement which the Government intends to offer in evidence at the trial, made by the Defendant, whether before or after arrest, or in response to interrogation by any person then known to the Defendant to be a government agent.

1

C. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, including the results of any polygraph examinations, made in connection with the case and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

D. Any recorded testimony of the Defendant before a grand jury which is related to the offense charged.

E. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to the Defendant.

F. The Federal Bureau of Investigation identification sheet, any National Crime Information Center (NCIC) reports, or any other list, indicating Defendant's prior record.

II. The Defendant further requests that the Government disclose to the Defendant the following:

A. Any and all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963).

B. The existence and substance of any payments, promises or immunity, leniency or preferential treatment made to prospective Government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

C. A record of prior convictions of any alleged co-conspirator, accomplice, informant or witness who will testify for the Government at trial.

D. Whether the Defendant was the subject of any electronic surveillance, recording, or monitoring, and if so, set forth in detail the circumstances thereof.

E. Any evidence that the Government intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

F. The identities of any confidential informants who were actual participants in or

eyewitnesses to any alleged criminal activities. This request is made pursuant to <u>Roviaro v. United States</u>, 353 U.S. 53 (1957).

 G. Reveal and disclose the date, place, circumstances and names of all persons involved in any identification procedures (photographic, corporeal or of any other type) or interrogations of any type that were conducted in connection with the investigation of this case.

 H. Produce immediately all statements, memoranda and documents producible under 18 U.S.C.A. 3500 (1983).

 I. Produce a copy of all original notes, statements and memoranda (whether handwritten, recorded, or otherwise) that were made by any and all agents of the Government investigating this case, including any person who was acting as an informer or in an undercover capacity.

 J. Reveal and disclose whether any person in connection with the Government's investigation of this case has been given a polygraph examination, and, if so, list the name of the person(s) examined, the name and address of the operator(s), the date(s) of the examination(s), and furnish the Defendant with a copy of the questions and answers posed and given and the results of any interpretation(s) thereof.

 K. Reveal and disclose any information and knowledge in the hands of the Government that would in any manner show that any of the Government's potential witnesses may be suffering from delusions, emotional difficulty, alcoholism, narcotics addiction, psychological imbalance or any physical or mental condition that might possibly affect credibility or memory.

 L. Reveal and disclose whether the Government has made any attempt, or has in fact, gained information from the Defendant since the return of the above styled indictment by sending, counseling or advising persons to talk with the Defendant, and, if so, describe all such activities in detail.

 M. Reveal and disclose any and all evidence of any type which the Government is aware of, or which the Government could become aware of by the exercise of reasonable diligence, that indicates that any of the individuals who may be called as witnesses by the Government during

trial has been involved in any criminal conduct at any time up to the present date, whether or not this conduct resulted in criminal charges being brought against the individual(s).

III.     This discovery request is a continuing one and the Government must promptly notify counsel for Defendant of the existence of additional evidence or material that is discovered prior to or during trial and is subject to discovery or inspection under any provision of law.

Respectfully submitted this 16th day of March 2016.

McCoppin & Associates Attorneys at Law P.A.

/s/ Andrew McCoppin
ANDREW MCCOPPIN
Attorney for Defendant
1250 S.E. Maynard Road, #202
Cary, NC 27511
Telephone:    919-481-0011
Fax:                919-461-4949
andrew@mccoppinlaw.com
CA Bar No.    175242
NC Bar No.     27125
CJA – APPOINTED COUNSEL

CERTIFICATE OF SERVICE

      Today, I served a copy of the foregoing upon the United States by electronic filing with CM/ECF to the person identified below:

Lawrence Jason Cameron
Assistant Unites States Attorney

Respectfully submitted this 16th day of March 2016.

      McCoppin & Associates Attorneys at Law P.A.

      /s/ Andrew McCoppin
      ANDREW MCCOPPIN
      Attorney for Defendant
      1250 S.E. Maynard Road, #202
      Cary, NC 27511
      Telephone:    919-481-0011
      Fax:    919-461-4949
      andrew@mccoppinlaw.com
      CA Bar No.    175242
      NC Bar No.    21725
      CJA – APPOINTED COUNSEL